Mr. Justice GRIER,
dissenting:
I cannot give my assent to the reversal of this judgment for the reason alleged in the opinion of the court, nor for any other.
The defence to the payment of these notes was that they were obtained by fraud from the defendant when he was drunk, and were without consideration and void.
Now, fraud will not be presumed but must be proved as other facts, either by direct proof or by circumstantial evidence which will convince the mind of a jury that a fraud *473 was committed. It is seldom that a fraud or conspiracy to cheat can he proved in any other way than by circumstantial evidence, as knaves have usually sufficient cunning to have no witnesses present who can testify directly to their fraudulent contrivances. Circumstantial evidence is often as convincing to the mind as direct testimony, and often more so. A number of concurrent facts, like rays of the sun, all converging to the same centre, may throw not only a clear light but a burning conviction; a conviction of truth more infallible than the testimony even of two witnesses directly to a fact. A cord of sufficient strength to suspend a man may be formed of threads, not one of which, alone, would support the weight of a pound or even of an ounce.
'When it becomes necessary for the purpose of justice to have resort to circumstantial evidence, it is the usual course of counsel to object to each thread because it will not support the whole weight of the case. Thus, if the defence be that a note was obtained by a combination of a hand of gamblers and swindlers from a drunken man, as hut one fact or circumstance can be proved at a time, the learned counsel will object to the offer to prove that the payee kept a gambling-house, and will gravely quote the decision of some learned judge, that a plea of usury cannot be substantiated by proof that the plaintiff had the character of being a usurer; so also that he executed four other notes at the same time to other notorious gamblers, &c. Eo one of these facts standing by itself would be received as evidence in-de-fence. But the court received evidence of the following facts:
The defendant gave evidence, by several witnesses, tending to prove that Steer kept a gambling-house in Washington City at the time of the date of the said notes, and was not engaged in any other business to the knowledge of the witnesses, and had no property to their knowledge, and that the defendant was at a social entertainment on the night of the 31st of December, 1856, and became grossly intoxicated, so that, in the opinion of said witnesses, he was unfit to transact business, and that he remained in such condition *474 when he left the place of said entertainment with the other guests who were there, and that he left in such condition between one and two o’clock in the,morning of the 1st of January, 1857, and also that the body of said notes was written in the handwriting of J. R,. James, who not only frequented the gaming-house of the said Steer, but other gaming-houses; and then gave evidence to prove that said James was a gambler by profession. And the defendant then offered to prove that a note dated on the 1st January, 1857, for $1000, was given by the defendant, payable to Campbell, and indorsed by him, to one Johnson, and that Campbell was a frequenter of the said gaming-house, and assisted in dealing for the said Steer. And the plaintiff' objected to the said note to Campbell being admitted in evidence, but the court overruled the objection and admitted the said note to be read ip evidence. After the reception of this testimony, of which this court has found no fault, the defendant proposed to add another fact, to wit: “ that when the defendant was under the influence of liquor he had a propensity to gamble.”
This admission of evidence of a fact, of little consequence in the decision of the case, has been seized upon here and treated as the only fact in the ease, and not a circumstance, which, unless connected with others, of itself formed no defence. Row if it was wholly irrelevant, it did no harm to either party. If it was a fact, which might influence the mind of a jury, why should it be withheld from them ? In a charge of fraud courts have said, what is evidence to affect the mind of a jury is often difficult to decide or distinguish. But any fact, though in itself of slight importance, will not be withheld. In such cases it is not for the court to treat the jury as persons without discernment, where the issue is one purely of fact. ■ Row there is not a fact stated as having been proved, taken by itself, as per se a defence to the action, which counsel might not with equal justice have treated as absurd or ridiculous. But if the court below had selected this fact from all the others as peculiarly liable to objection, their judgment might have been liable to the same charge.